KELLY v. JOHNSON.

(Filed May 31, 1904).

1. SPECIFIC PERFORMANCE — *Vendor and Purchaser* — *Issues* — *Fraud—Mistake.*

In a suit by a vendee for specific performance, defended on the ground that certain land was included in the contract by mistake, an issue tendered by defendant which omits to direct inquiry to the mutuality of the mistake is properly rejected.

2. SPECIFIC PERFORMANCE—*Vendor and Purchaser—Mistake—Evidence.*

In an action by a vendee for specific performance, evidence of the defendant vendor as to who was living on land claimed by a prior purchaser from him under an oral contract at the time of the execution of plaintiff's contract is admissible on the issue raised by defendant of a mutual mistake in the latter contract in including such land.

3. EVIDENCE—*Appeal—Harmless Error.*

The erroneous exclusion of evidence is not reversible error when such evidence is afterwards admitted.

4. EXCEPTIONS AND OBJECTIONS—*Instructions—New Trial.*

Even though an exception to the denial of a motion for a new trial be construed as an exception to the charge, it cannot be reviewed, since it is a "broadside exception."

ACTION by J. T. Kelly against W. J. Johnson, heard by *Judge H. R. Bryan* and a jury, at October Term, 1903, of the Superior Court of CUMBERLAND County.

On November 24, 1897, the defendants W. J. Johnson, W. H. Britton and A. M. Prince, doing business under the name and style of The Manchester Lumber Company, executed a bond for title to the plaintiff obligating themselves to convey to him upon the payment of the purchase price a good and sufficient deed for three tracts of land, described by metes and bounds. Plaintiff paid several of the notes at maturity and tendered the balance due on the purchase price and demanding the execution of a deed in accordance with the condition of the bond. W. J. Johnson, who had acquired the rights of the other obligors, tendered a deed for said land, excepting therefrom one hundred acres claimed by one Martin Williams. The plaintiff refused to accept the deed as tendered and instituted this action to compel specific performance. The defendant, admitting the execution of the bond, payment, tender, etc., averred by way of defense, and as the basis for equitable relief, that prior to the execution of the bond for title the defendant had entered into a contract with Martin Williams to convey to him one hundred acres of the land described in the bond. That Williams had entered into possession of the land and had made payments on account of the purchase-money and improvements on the land. That the inclusion in the condition of the bond of said one hundred acres was "by inadvertence and oversight." That plaintiff knew of Williams' possession and interest, and that it was not intended to convey or include the said land in the bond. The defendants ask that the bond be so reformed that the said one hundred acres be excepted therefrom. Martin Williams was permitted to interplead and set up his claim to the one hundred acres. The cause coming on for trial, the plaintiff demurred *ore tenus* to the interplea

for that it failed to state any cause of action. The demurrer was sustained and the interpleader excepted. The defendant tendered certain issues which were rejected by the Court, and in lieu thereof the Court submitted the following issue: "Was the insertion of the one hundred acres in the bond for title by the defendants to the plaintiff a mutual mistake?" To which the jury responded "No." From a judgment upon the verdict the defendants appealed.

*D. T. Oates, Seawell, McIver & King* and *N. A. Sinclair,* for the plaintiff.

*Robinson & Shaw,* for the defendants.

CONNOR, J. The issue submitted by his Honor presented the contention to the jury. The first issue tendered by the defendants was defective in that it omitted to direct the inquiries to the alleged *mutuality* of the mistake. The second issue was directed to matter which was evidentiary. The exception cannot be sustained. The defendant W. J. Johnson was asked, on direct examination, "Who was living on and who was in possession of the land claimed by Martin Williams at the time of the execution of the bond for title?" This was, upon objection, excluded. We think that the question was competent upon the issue as to the mutual mistake. The defendants say that it was not the intention of either party to the contract to include the one hundred acres; that Martin Williams was in possession and that plaintiff had knowledge of it. This was a fact which the jury could consider upon the issue. The error, however, seems to have been cured by the answer to the question: "At the time of the execution of the bond who was in possession of the one hundred acres claimed by Martin Williams, and did the plaintiff in this action take the bond for title with notice that the one hundred acres was in possession of another under

contract of purchase, and did the plaintiff at that time know that the defendant did not intend to convey the one hundred acres of land ?"   The witness answered that he knew it was sold to Martin Williams and he could not say whether he knew that he did not intend to convey it or not.   The witness was asked whether the one hundred acres was surveyed and the lines marked.   The question was excluded, but the witness was recalled and testified: "The lines of Martin Williams' tract were distinctly marked."   This cures the error in excluding the question when first asked.   The other questions excluded were fully answered at other times during the examination of the witnesses.   We find no reversible error in this respect.   The parties were permitted to put their testimony fairly before the jury.   The plaintiff denied all knowledge of the claim of Williams and the jury found in accordance with his contention.

His Honor instructed the jury that any contract to sell or convey lands, or any interest in them, unless some memorandum or note thereof is in writing, is void.   That they would not consider the contract by parol to Williams.   It was void so far as Kelly is concerned.   The defendants must establish mistake by clear and convincing proof, by evidence outside the bond and inconsistent with it.   The mistake must be mutual.   It must be a mistake both upon the part of Kelly and Johnson and Britton, and they must show it—not Kelly. A parol contract is void.   They had nothing to do with Williams.   The defendants' brief discusses separately six exceptions, three of which are addressed to the charge.   The record contains no exception to the charge, the entry being: "The defendants move for a new trial.   Motion denied and defendants except.   Judgment."   If we should construe this as an exception to the charge it will not avail the defendants, being what is termed a broadside exception.   It is settled that such

an exception will not be sustained. The record contains no assignment of error. We have examined the entire record and find no reversible error therein.

No Error.